> A pre-motion conference will be held on May 9, 2014 at 2:30 p.m. Plaintiff is directed to submit a written response not longer than three pages by May 2, 2014.
>
> **SO ORDERED:**
>
> /s/ Edgardo Ramos
>
> HON. EDGARDO RAMOS
> UNITED STATES DISTRICT JUDGE
> 4/25/2014

**Akerman**

April 24, 2014

Eric M. Levine

Akerman LLP
222 Lakeview Avenue
Fourth Floor
West Palm Beach, FL 33401
Tel: 561.653.5000
Fax: 561.659.6313

eric.levine@akerman.com

<u>**VIA FACSIMILE (212) 805-7943**</u>
Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Marvel R. Zona v Deutsche Bank Trust Company Americas,*
      United States District Court for the Southern District of New York
      Case No.:   1:14-cv-01487-ER

Dear Judge Ramos:

This law firm represents defendant Deutsche Bank Trust Company Americas (Deutsche Bank) in the above-referenced action. Pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules, Deutsche Bank respectfully requests a pre-motion conference on its anticipated motion to abstain, or in the alternative dismiss the complaint in its entirety.

This action was commenced on March 5, 2014. Deutsche Bank was served on March 25, 2014. On April 11, 2014 this Court granted Deutsche Bank an extension to May 2 2014 to respond to the complaint. [D.E. 4.]

Plaintiff Marvel R. Zona's two-count complaint seeks injunctive relief on a single false premise: that because a mortgage loan she executed in 2006 was purportedly not timely conveyed to the defendant trust the loan is void under New York law. She seeks an order declaring the same, and enjoining Deutsche Bank from foreclosing. This Court should abstain from adjudicating this action under the *Colorado River* doctrine because the validity of the mortgage and standing to foreclose are currently the subject of a pending parallel action in Florida state court. In addition Ms. Zona lacks standing to assert these claims, the Anti-Injunction Act bars any injunction, the statute of limitations has run, and she otherwise seeks an impermissible advisory opinion.

*Colorado River Abstention*

There is currently pending in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida under case number 2008-CA-002883 an action to foreclose the mortgage—the same mortgage which is also the subject of this proceeding. The validity of the mortgage and standing to foreclose are key issues before the Florida court.

akerman.com

{28573698;1}

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/25/2014

Hon. Edgardo Ramos
April 24, 2014
Page 2

---

Where a pending state court action is parallel, the federal court should determine whether to abstain from exercising its jurisdiction by balancing the following six factors:

**(1)** whether one of the courts has assumed jurisdiction over property; **(2)** the inconvenience of the federal forum; **(3)** the potential for piecemeal litigation; **(4)** the order in which the fora obtained jurisdiction; **(5)** whether state or federal law will be applied; and **(6)** the adequacy of the state court to protect the parties' rights.

See *Niagrara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-101 (2d Cir. 2012).

These factors are met here. Abstention is appropriate.

### *Ms. Zona Lacks Article III Standing*

To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct; and (3) that the injury is likely to be redressed by a favorable decision. *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013).

Ms. Zona argues the subject mortgage loan was placed into the trust after the closing date specified in the pooling and servicing agreement, thereby rendering the trust's ownership claim void pursuant to New York Estates, Powers, and Trusts Law section 7-2.4—as an action of the trustee in violation of the trust instrument. ***Ms. Zona lacks standing to raise this argument.*** She is neither a party to, nor a third-party beneficiary of, the pooling and servicing agreement, or other trust document, and cannot assert violations thereof.

This precise issue was recently addressed and decided in Deutsche Bank's favor in *Rajamin v. Deutsche Bank National Trust Company*, No. 10 Civ. 7531 (LTS), 2013 WL 1285160 (S.D.N.Y. Mar. 28, 2013). In that case various mortgagors asserted publicly recorded written assignments were made several years after the alleged transfers to the trusts raising questions as to those transfers' validity. The *Rajamin* Court dismissed the claims holding "the thrust of this claim, however, is [] non-compliance with the PSAs and . . . it is an argument that Plaintiffs do not have standing to raise." *Id.* at *3; *see also Tran v. Bank of New York*, No. 13 Civ. 580 (RPP), 2014 WL 1225575, at *5 (S.D.N.Y. Mar. 24, 2014). Ms. Zona lacks standing.

### *This Action is Barred by the Anti-Injunction Act*

The purpose of this lawsuit is to obtain an order from this Court enjoining Deutsche Bank and its servicer from proceeding with the Florida state court foreclosure action. The Anti-Injunction Act prohibits such an order. *See* 28 U.S.C. § 2283.

{28573698;1}

Hon. Edgardo Ramos
April 24, 2014
Page 3

---

"The Anti-Injunction Act, enacted in its original form as part of the Judiciary Act of 1793, provides . . . that a federal court may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013).

No exception to the Anti-Injunction Act exists here   This action is barred.

### *The Statute of Limitations has Expired*

Ms. Zona seeks a declaratory judgment based on an alleged breach of the pooling and servicing agreement due to the purported failure to timely convey the mortgage loan into the trust. "[D]eclaratory judgment actions are typically governed by a six-year statute of limitations." *Thrun v. Cuomo*, 112 A.D.3d 1038, 1040 (3d Dep't 2013); *see also* CPLR 213(1).

In this case, the alleged breach of the pooling and servicing agreement due to the purported failure to convey the mortgage loan into the trust occurred on May 30, 2006. Even if Ms. Zona had standing to assert claims under the pooling and servicing agreement, the statute of limitations expired on May 30, 2012.

### *This Action Seeks an Advisory Opinion*

Ms. Zona asks this Court to enter an order finding the mortgage loan was not properly placed into the trust due to purported noncompliance with the pooling and servicing agreement. Assuming, *arguendo*, this Court were to agree and enter such a judgment it would be a mere advisory opinion because it would not have any effect on the rights of the parties.

Even if this Court were to declare the subject mortgage loan was improperly conveyed to the trust rendering the conveyance void as a matter of New York trust law; it would be for the Florida court to determine whether such voidness impacted Deutsche Bank's standing to foreclose the mortgage under Florida foreclosure law. This Court's decision would be advisory.

For all the above reasons, Deutsche Bank respectfully requests a pre-motion conference on its motion to abstain, or in the alternative to dismiss. Thank you for your attention to this matter.

Sincerely,

AKERMAN LLP

*[signature]*

Eric M. Levine
For the Firm

cc: Mr. Todd A. Zuckerbrod, Esq. (by facsimile 561.544.1101)

{28573698;1}