UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVEL R. ZONA, AS TRUSTEE OF THE MARVEL R. ZONA REVOCABLE TRUST DATED 08/31/00<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QO5<br><br>    Defendant. | Case No.: 14 CV 1487 (ER)<br><br>RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

The following is Plaintiff's position with respect to the letter on behalf of Deutsche Bank Trust Company Americas to this court, dated April 24, 2014.  For the reasons set forth below, Defendant's request for abstention or dismissal is unwarranted.

**<u>Colorado River Abstention And the Younger Standard</u>**

In December 2013, the Supreme Court, in the case of *Sprint Communications v. Jacobs, 134 S.Ct. 58, Dec. 10, 2013,* held that under the Younger abstention standard, "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States*." Id*. at 586.  In so holding, The Court clarified that there are three such 'exceptional circumstances' which define Younger's scope. The first is an on-going state criminal prosecution, the second is a civil enforcement proceeding and the third is a civil proceeding involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions. *Id* at 586.  None of those exceptional circumstances are present in the pending matter.

Even if it were to apply, the case cited by Defendant in support of abstention, *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating District*, 673 F.3d 84 (2d Cir.

2012), is actually a decision which can be argued to reject abstention in the present matter. The *Niagara Mohawk* court actually found that the district court abused its discretion in abstaining from constitutional claims.  The present case raises a federal question with respect to the violation of REMIC, 26 USC §§ 860A-860G.  The violation of REMIC is an integral part of the Trustee's violation of the PSA and therefore should be decided by the federal court.

In addition, the present case is one predicated on the right of a homeowner to know to whom to pay their mortgage; since a reasoned application of federal securities law and New York Trust law raises considerable doubt as to the validity of the ownership of the mortgage by the Defendant. That is a distinct and distant issue from a foreclosure action in state court.

"The abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction" *Id* at 100.  Those extraordinary and narrow exceptions are not present here.  The pending case and the Florida court action involve different parties, raise different main issues of law and seek different outcomes.  Moreover, this Federal Court is favored in interpreting New York law, abstention will promote, rather than avoid, piecemeal litigation and the Florida court is extremely unlikely to protect Plaintiff's rights.  *See also, First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F.Supp.2d 170 (E.D.N.Y. 2012).

### Article III Standing

Whether Plaintiff has standing is an issue based on the pleadings and whether Plaintiff has stated sufficient facts to state a claim to satisfy the actual case and controversy requirement for a federal declaratory judgment action.  *See Preston v. Seterus, Inc.*, 931 F.Supp.2d 743, 751 (N.D. Tex. 2013).  Plaintiff has demonstrated in its pleading that under New York law, the mortgage is void and that a determination that the mortgage is voidable is implausible as a matter of fact.  Numerous courts around the country have held, indeed it is the "majority rule" that

1  Plaintiff has standing on the grounds that the mortgage is void. *See Reinagel v. Deutsche Bank*
2  *Nat. Trust Co.*, 735 F.3d 220,225 (5th Cir. 2013), *See also, In re Sandri,* 501 B.R. 369 *(*Bankr.
3  N.D.Cal. 2013). This is also the determination of the New York State Court in *Wells Fargo*
4  *Bank, N.A. v. Erobobo* 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013).

5      The harm to Plaintiff is both plain and severe; foreclosure by or making mortgage
6  payments to the wrong entity does not discharge a homeowners debt and leaves them vulnerable
7  to another action on the same note by the true creditor. The case cited by Defendant, *Rajamin v.*
8  *Deutsche Bank National Trust Company*, No. 10 Civ. 7531 (LTS), 2013 WL 1285160, *2
9  (S.D.N.Y. Mar. 28, 2013) raises as a defect of the claim that "the TAC contains no allegations as
10 to who, if not Defendants, does own the Notes." That is the precise reason that this action is
11 necessary. Just like Plaintiff's, homes across this country are being foreclosed on based on the
12 fiction that a Trustee whose action invalidated a mortgage is presumed to be the owner of that
13 mortgage; without any legal mechanism to determine the true owner.

14     In addition, one of the key cases cited by the court in *Rajamin* has actually been declined
15 to be followed by the *Preston* court. In *Preston*, the court found that in certain other cases,

> had the plaintiffs alleged sufficient facts casting doubt on the defendants status as assignees, current holders, or servicers of the notes, there would have been a valid dispute between the parties that would have precluded dismissal of the plaintiffs declaratory judgment claims.
>
> The court's conclusion in this regard is not changed by the federal district court opinions in Bittinger, McAllister or Eskridge, the cases relied on by Defendants to support their assertion that Plaintiffs lack standing to contest any assignments. *Preston,* 931 F.Supp.2d at 752.

22 The *Preston* court went on to note that,

> Texas has long followed the common law rule [that] permits a debtor to assert against an assignee any ground that renders the assignment void or invalid," and that "Texas courts routinely allow

---

VERIFIED COMPLAINT - ZONA                                                              PAGE 3

a homeowner to challenge the chain of assignments by which a party claims the right to foreclose. *Id.* at 754.

It is certainly the prevailing law that the homeowner has standing to bring a declaratory judgment action in instances where the assignment of the mortgage is void. The rational for this precedent is undoubtedly to prevent the usurpation of mortgage rights by an entity which is not entitled to them. Plaintiff acknowledges that a number of courts have determined, nevertheless, that since the Trustee's ultra vires acts are subject to ratification, they are 'voidable' rather than void. In such instances, the courts have found that the homeowner lacks standing.

In its initial pleading, Plaintiff delineates the reasons why such conclusions of 'voidability' are erroneous. Among these is that fact that the terms of the PSA can only be changed by amendment and that before any amendment can be considered, there must be an opinion of counsel to the effect that any such amendment does not adversely affect the Pool's REMIC status. Since the Trustee's violations are directly in contravention of those provisions of the PSA designed to protect the Pools REMIC tax abatement, the notion that such an opinion of counsel is even remotely plausible is a rather fanciful illusion. Moreover, these decisions assume that there is actually a concept in law as a voidable violation of a trust. An ultra vires act by a trustee is either void or it is not void because it has been ratified. The notion that any act in contravention of the terms of a trust is voidable leads to the absurdity that there are no ultra vires acts since any transgression can theoretically be subject to being ratified. At a minimum, whether void actually means voidable is a triable issue of fact.

### The Anti-Injunction Act

The Motion for Declaratory Judgment in the present case does not seek an injunction.

### Statute of Limitations

The statute of limitations argument espoused by Defendant and its cited case are misapplied. Plaintiff seeks clarification as to an on-going debt obligation. Moreover, Plaintiff

would not have had notice or inquiry notice until after the assignment in question was recorded in the public record; which occurred on September 8, 2009.  In addition, the case of *Kirn v. Noyes*, 262 App.Div. 581, 31 N.Y.S 2d 90, stands for the proposition that, "There is no statutory limitation upon the bringing of such an action and one brought should be entertained when a declaratory judgment will serve a practical end in determining and stabilizing an uncertain or disputed jural question, either as to present or prospective obligations.

### Advisory Opinion

This court has jurisdiction to decide the issue in controversy and, therefore, the court's decision will not be a non-binding statement of its interpretation of law.

### There is considerable doubt as to who owns the mortgage

In the instant case, there is no evidence that the Mortgage was ever assigned from the Depositor or that it was ever assigned to the Trustee. Moreover, there is no recording in the public record to support the notion that any assignment was ever made to the Trustee.  What the public record does show, however, is an assignment from MERS to Aurora Loan Services LLC, (See Exhibit B to the Complaint).  Defendant has not demonstrated that it even holds the Mortgage, let alone owns it.  It is not enough for the Defendant to show it was the holder of the Mortgage, even if it were able to do so; it must show proof that it was the purchaser, as well. The lack of evidence as to the transaction which caused the conveyance by assignment of the mortgage does not make foreclosure easier; on the contrary, it adds an additional hurdle.

[Remainder of page left blank]

Where there is no written assignment of the Mortgage to the Trustee, the Defendant is only entitled to foreclose upon proof of purchase of the debt. Johns v. Gillian, 134 Fla. 575, 184 So. 140 (1938).

                    TODD A. ZUCKERBROD, P.A.

                    By: /s/ Todd A. Zuckerbrod
                    Todd A. Zuckerbrod
                    NY Bar #2194421
                    40 SE 5th Street, Suite 400
                    Boca Raton, Florida 33432
                    Telephone:  (561) 544-8144
                    Facsimile:  (561) 544-1101
                    E-Mail:  tz@tzbrokerlaw.com

                    *Attorney for Plaintiff*